**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**DR ROBERT DAVIS, JR., ET AL**                                          **PLAINTIFFS**

**VERSUS**                                   **CIVIL ACTION NO. 1:06cv876JMR-JMR**

**GILBERT LAFRANCE, ET AL**                                        **DEFENDANTS**

**MEMORANDUM OPINION**

This cause comes before the Court on the motion of the Defendants, Gilbert LaFrance and LaFrance's Remodeling for summary judgment [10-1] pursuant to Rule 56 of the Federal Rules of Civil Procedure. After due consideration of the evidence of record, the briefs of counsel, the applicable law and being otherwise fully advised in the premises, the Court finds as follows:

Standard of Review

A grant of summary judgment is appropriate when, viewed in the light most favorable to the nonmoving party ". . . the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact . . ." FED. R.CIV. P. 56(c). The moving party initially carries the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Materiality connotes disputes over facts which might affect the outcome of the case under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Further, ". . . summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

The moving party bears the initial burden of establishing the absence of evidence to support the nonmovant's cause of action. *Hirras v. National R.R. Passenger Corp.*, 95 F.3d 396, 399 (5th

Cir. 1996); *Celotex,* 477 U.S. at 325.  Should this burden be met by the moving party, the nonmoving party then must establish sufficient facts beyond the pleadings to show that summary judgment is inappropriate.  *Exxon Corp. v. Burglin*, 4 F.3d 1294, 1297 (5th Cir. 1993).  The Court examines applicable substantive law to determine which facts and issues are material.  *King v. Chide*, 974 F.2d 653, 655-56 (5th Cir. 1992).  The nonmoving party must oppose the summary judgment motion either by referring to evidentiary material already in the record or by submitting additional evidentiary documents which set out specific facts indicating the existence of a genuine issue for trial.  FED.R.CIV.P. 56(e).  If the opponent fails in his duty, after the Court has viewed the evidence in the light most favorable to the nonmovant, summary judgment is implicated.  *Exxon*, 4 F.3d at 1297.  Assertions unsupported by facts are insufficient to oppose a summary judgment motion.  *Williams v. Weber Mgmt Serv., Inc.,* 839 F.2d 1039, 1040 (5th Cir. 1987).

<u>Statement of Facts</u>

On July 17,2004, Plaintiff, Robert Davis and Defendant , Gilbert LaFrance entered into a contract for repair and/or remodel of the Plaintiff's residence located at 221 Sears Avenue, Waveland, Mississippi 39576. The home in question was destroyed by Hurricane Katrina on August 29, 2005. After the storm, Defendants contacted their insurance company to determine whether their work on the home was covered by insurance and discovered it was not. In their complaint, Plaintiffs allege that Defendants failed to use reasonable care to protect their home from the winds of Hurricane Katrina and Defendants failed to obtain insurance to cover their home.

Defendants allege that due to the severity of the storm there was nothing they could have done to protect the home. In support of this statement, Defendants attach the statement of Mayor Tommy Longo, attached as Exhibit "B", which states that the area was completely devastated. Plaintiffs allege that discovery may demonstrate that there were actions which could have been

taken to prevent total destruction and that this motion is premature at this time. The Court finds that this motion is premature at this time as no discovery was taken at the time the motion was filed and Defendants may refile this motion as to this issue without prejudice after discovery, if no genuine of material fact exists as to this issue.

As to the insurance contract, Plaintiffs' allege that Defendants made statements with regard to obtaining insurance to cover their home while it was under repair. The contract provides for an itemization of the labor and material to be furnished for repair and/or remodel of the Plaintiff's home with an estimated cost of $49,360.00. Section 16 of the contract in question provides that all changes must be in writing. Defendants assert that there was no provision for insurance in the contract. Mississippi law provides that evidence or testimony which vary the terms of the written contract is inadmissable. Defendants cite *Humphreys County v. Guy Jones, Jr Const. Co. Inc.,* 910So.2d 1129(Miss App. 2005) for the provision that the existing agreement between the parties is a complete representation of their agreement. Plaintiffs allege that because Defendants wrote the contract it should be construed more strongly against them, that they have an oral contract claim and a claim for equitable estoppel because they were uninsured based on Defendants' promise to procure insurance. The Court finds pursuant to the holding in *Singing River Mall v. Mark Fields, Inc.,599 So.2d* 938,946-47*(*Miss.1992*),* that a written contract, even one that explicitly requires written modification, may be modified if the oral amendment itself meets the requirements of a contract. The Court, further, finds that there is a genuine issue of material fact as to the agreement of the parties regarding the question of insurance coverage. Defendants state in their memoranda that they checked with their insurance to see if their work was covered. Initially, Defendants had some belief that this project would be covered by their insurance and as discovery has not been taken with regard to this issue, the Court finds that the motion is premature

to this issue as well. Therefore, the Court finds in light of the genuine issues of material fact the Motion for Summary Judgment shall be denied without prejudice to refile upon the completion of discovery.

## Conclusion

After due consideration of the evidence of record, the briefs of counsel, the applicable law and being otherwise fully advised in the premises, the Court finds as follows the Court finds that the motion of the Defendants, Gilbert LaFrance and LaFrance's Remodeling for summary judgment [10-1] pursuant to Rule 56 of the Federal Rules of Civil Procedure should be denied without prejudice.

This the 21st day of September, 2007.

s/John M. Roper Sr.
UNITED STATES MAGISTRATE JUDGE